**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF**
**DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ELEVEN SOUTH LASALLE ASSOCIATES | § | Case No. 06-04563 SPS |
| | § | |
| Debtor(s) | § | |

**NOTICE OF TRUSTEE'S FINAL REPORT AND**
**APPLICATIONS FOR COMPENSATION**
**AND DEADLINE TO OBJECT (NFR)**

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that GUS A. PALOIAN, TRUSTEE, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

           CLERK OF THE COURT
           UNITED STATE BANKRUPTCY COURT
           219 S. DEARBORN STREET
           CHICAGO, IL 60606

Any person wishing to object to any fee application that has not already been approved, or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objection upon the trustee, any party whose application is being challenged, and the United State Trustee. A hearing on the fee applications and any objection to the Final Report will be held at:   10:30 A.M. ON TUESDAY, JULY 19, 2011

           United States Bankruptcy Court
           COURTROOM 642
           219 S. Dearborn Street
           Chicago, IL 60606

Date Mailed: _____        By: Gus A. Paloian, Trustee_____

*GUS A. PALOIAN, TRUSTEE*
*131 S. DEARBORN*
*SUITE 2400*
*CHICAGO, IL 60603*

**UNITED STATES BANKRUPTCY COURT**
NORTHERN **DISTRICT OF** ILLINOIS
CHICAGO **DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| | § | |
| ELEVEN SOUTH LASALLE ASSOCIATES | § | Case No. 06-04563 SPS |
| | § | |
| Debtor(s) | § | |

**SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION**

The Final Report shows receipts of $

and approved disbursements of $

leaving a balance on hand of[1] $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000016B | James A. Larson, P.C. | $ | $ | $ | $ |

Total to be paid to secured creditors  $_____

Remaining Balance  $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: GUS A. PALOIAN, TRUSTEE | $ | $ | $ |
| Attorney for Trustee Fees: SEYFARTH SHAW | $ | $ | $ |
| Attorney for Trustee Expenses: SEYFARTH SHAW | $ | $ | $ |
| Accountant for Trustee Fees: GORMAN & ASSOCIATES | $ | $ | $ |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Charges: SPRECHMAN & ASSOCIATES, P.A. | $ | $ | $ |
| Fees: Office of the U.S. Trustee <B>(ADMINISTR | $ | $ | $ |
| Other: SPRECHMAN & ASSOCIATES, P.A. | $ | $ | $ |
| Other: NISEN & ELLIOTT | $ | $ | $ |
| Other: INTERNATIONAL SURETIES | $ | $ | $ |
| Other: INTERNATIONAL SURETIES | $ | $ | $ |
| Other: INTERNATIONAL SURETIES | $ | $ | $ |
| Other: SEYFARTH SHAW LLP | $ | $ | $ |
| Other: SEYFARTH SHAW LLP | $ | $ | $ |
| Other: SEYFARTH SHAW LLP | $ | $ | $ |
| Other: SEYFARTH SHAW LLP | $ | $ | $ |
| Other: SEYFARTH SHAW LLP | $ | $ | $ |
| Other: SEYFARTH SHAW LLP | $ | $ | $ |
| Other: KATTEN MUCHIN | $ | $ | $ |
| Other: KATTEN MUCHIN | $ | $ | $ |
| Other: SPRECHMAN & ASSOCIATES, P.A. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____

Remaining Balance                                          $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Attorney for Fees: SEYFARTH SHAW LLP | $ | $ | $ |
| Other: GUS A. PALOIAN, TRUSTEE (CH 11) | $ | $ | $ |
| Other: SEYFARTH SHAW LLP | $ | $ | $ |
| Other: The Larko Group | $ | $ | $ |

    Total to be paid for prior chapter administrative expenses    $_____

    Remaining Balance    $_____

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Whelan Security of Illinois Inc | $ | $ | $ |
| 000002 | Shamrock Decorating | $ | $ | $ |
| 000003 | Friedman & Bietler Real Estate LLL | $ | $ | $ |
| 000004 | Midwest Glass Co. | $ | $ | $ |
| 000005 | Midwest Glass Co. | $ | $ | $ |
| 000006 | GE Capital | $ | $ | $ |
| 000007 | WW Grainger Inc | $ | $ | $ |
| 000008 | COFACE NORTH AMERICA, INC. | $ | $ | $ |
| 000009 | John Hancock Life Insurance Company | $ | $ | $ |
| 000010 | John Hancock Life Insurance Company | $ | $ | $ |
| 000011 | ACM Elevator | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000012 | MDE Thermal Technologies | $ | $ | $ |
| 000013 | MDE Thermal Technologies | $ | $ | $ |
| 000014 | Constantine John Gekas | $ | $ | $ |
| 000015 | The Larko Group | $ | $ | $ |
| 000016A | James A. Larson, P.C. | $ | $ | $ |
| 000018 | Glavin Security Specialists | $ | $ | $ |
| 000019 | Mark 1 Restoration Company | $ | $ | $ |
| 000020 | DLA Piper US LLP | $ | $ | $ |
| 000021 | Gould & Ratner LLP | $ | $ | $ |
| 000022 | Energon, Inc. | $ | $ | $ |
| 000023 | Allied Barton Security Services | $ | $ | $ |
| 000024 | Prime LaSalle/Madison Partners, LLC | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/Gus A. Paloian, Trustee

*GUS A. PALOIAN, TRUSTEE*
*131 S. DEARBORN*
*SUITE 2400*
*CHICAGO, IL 60603*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.